HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. SCHROEDER, *et al.*,

    Plaintiffs,

    v.

NATIONSTAR MORTGAGE, LLC, *et al.*,

    Defendants.

Case No. 16-1561-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants Nationstar Mortgage, LLC, Nationstar Mortgage Holdings, Inc. (collectively "Nationstar"), BCAP LLC Trust 2006-AA2 ("BCAP"), and Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiffs' Complaint. For the reasons that follow, the Court **GRANTS** Defendants' motion.

## II. BACKGROUND

In 2006, Plaintiffs Michael E. Schroeder and Marguerite E. Schroeder executed a promissory note and deed of trust securing a parcel of real property to with Liberty Financial Group, Inc., predecessor in interest to Defendant Guild Mortgage Company. Dkt. # ("Compl.") ¶¶ 10, 17. Their mortgage loan was subsequently transferred, bundled with other loans, and placed in a trust managed by Defendant BCAP. *Id.* ¶¶ 18-20. Years later, Plaintiffs experienced a financial hardship and, despite efforts to modify their loan, defaulted. *Id.* ¶ 24. Plaintiffs filed this action to redress unlawful conduct by

ORDER – 1

various entities and individuals involved in the loan servicing process and foreclosure proceedings. They allege claims for (1) violation of the Mortgage Lending and Homeownership Act, RCW 19.144.005, *et seq.*; (2) violation of the Consumer Protection Act, RCW 19.86.010, *et seq.*; (3) negligence; and (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and its implementing regulations, 12 C.F.R. part 1024 ("Regulation X").

## III. DISCUSSION

Defendants move to dismiss Plaintiffs' complaint for failure to state a claim. Dkt. # 8. Plaintiffs oppose the motion. Dkt. # 10. As discussed below, the Court finds that Plaintiffs fail to state a claim under RESPA. Without a valid RESPA claim, the Court lacks federal question jurisdiction over this case under 28 U.S.C. § 1331. Although Plaintiffs assert that the Court separately has diversity jurisdiction under 28 U.S.C. § 1332, this assertion is lacking because they have not alleged the citizenship of corporate entity Defendants that are organized as LLCs. Plaintiffs may amend their complaint to address these deficiencies. Given that jurisdiction is uncertain, the Court declines at this time to consider Defendants' motion as it applies to Plaintiffs' state law claims.

### A. Motion to Dismiss
#### i. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563;

ORDER – 2

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### ii. RESPA Claim

RESPA is a consumer protection statute that Congress enacted to curb abusive practices in the real estate market. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012). RESPA authorizes the Consumer Financial Protection Bureau ("CFPB") to enact regulations that advance RESPA's purpose. 12 U.S.C. § 2617(a). The CFPB enacted Regulation X. Among other things, Regulation X obligates mortgage loan servicers to take certain steps to evaluate a borrower's candidacy to receive a loan modification when a borrower submits a "complete loss mitigation application." 12 C.F.R. § 1024.41(b)(1).

Plaintiffs contend that Nationstar violated RESPA by failing to sufficiently evaluate Plaintiffs for all available loss mitigation options. Defendants advance three arguments for dismissal.

### (1) Effective Date of Regulation X

First, Defendants contend that Plaintiffs are precluded from pursuing their RESPA claim because Regulation X applies only to a borrower's first loss mitigation application and Plaintiffs admit to having submitted a prior application. Regulation X provides that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i). Plaintiffs do not deny having submitted a prior application. They emphasize, however, that they submitted their prior application before Regulation X took effect, and thus, that Nationstar was obligated to review the subsequent application. The applicable provisions of Regulation X became effective on January 10, 2014. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 297 (6th Cir. 2015).

Neither the Ninth Circuit nor any district court in this circuit has considered whether a servicer who reviews a loss mitigation application submitted prior to the effective date of Regulation X is relieved from the duty of reviewing a subsequent application submitted after Regulation X's enactment.

ORDER – 3

The Court concludes that Plaintiffs' prior application does not preclude their RESPA claim. "RESPA's provisions relating to loan servicing procedures should be 'construed liberally' to serve the statute's remedial purpose." *Medrano*, 704 F.3d at 665-66 (quoting *In re Herrera*, 422 B.R. 698, 711 (B.A.P. 9th Cir. 2010)). Consistent with this principle, it would be unreasonable to conclude that Defendants could have complied with Regulation X's loan evaluation requirements before Regulation X took effect. Other courts are in accord. *Billings v. Seterus, Inc.*, 170 F. Supp. 3d 1011, 1015 (W.D. Mich. 2016) ("Defendant could not possibly have 'compl[ied] with the requirements of [12 C.F.R. § 1024.41] for a single complete loss mitigation application for [Plaintiff's] mortgage loan account' at a time when the statute did not exist and the term 'complete loss mitigation application' was not defined."); *Bennett v. Bank of Am., N.A.*, 126 F. Supp. 3d 871, 884 (E.D. Ky. 2015) (concluding that loan servicer "was still required to comply with the requirements of section 1024.41 at least once after the section became effective"); *see also Dionne v. Fed. Nat'l Mortg. Ass'n*, No. 15-CV-56-LM, 2016 WL 6892465, at *4 (D.N.H. Nov. 21, 2016) ("Federal courts have consistently held that a loan servicer must comply with the requirements of § 1024.41 at least once after the January 10, 2014 effective date of the regulation, regardless of whether the servicer evaluated a borrower's prior loss mitigation application prior to that date."); *Garmou v. Kondaur Capital Corp.*, No. 15-12161, 2016 WL 3549356, at *3 (E.D. Mich. June 30, 2016)); *but see Trionfo v. Bank of Am., N.A.*, No. CIV. JFM-15-925, 2015 WL 5165415, at *4 (D. Md. Sept. 2, 2015).

### (2) Complete Loss Mitigation Application

Second, Defendants contend that Plaintiffs fail to state a RESPA claim because they do not allege that they submitted a *complete* loss mitigation application. Plaintiffs contend that their allegations are sufficient.

Regulation X defines "complete loss mitigation application" as "an application in connection with which a servicer has received all the information that the servicer

ORDER – 4

requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1). If an application is incomplete, "[a] servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." *Id.* "Once the borrower submits the requested materials or if the servicer initially determines that the application is complete, then the application is considered 'facially complete' for purposes of § 1024.41." *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1006 (11th Cir. 2016) (quoting 12 C.F.R. § 1024.41(c)(2)(iv)). A loan servicer's duty to evaluate a borrower's loss mitigation application, however, "is only triggered when the borrower submits a 'complete loss mitigation application more than 37 days before a foreclosure sale.'" *Id.* at 1009 (quoting 12 C.F.R. § 1024.41(c)(1)).

Plaintiffs' allegations concerning the completeness of their application are insufficient. Their opposition brief speaks for itself. They contend that their complaint "provides sufficient factual information to determine that Nationstar *may* have records of a complete loss mitigation application . . . ." Dkt. # 10 at 10 (emphasis added). As for which application they contend was complete, Plaintiffs assert it was "[m]ost likely" one begun in early 2015. *Id.* Plaintiffs contend that the sufficiency of their RESPA allegations is buttressed by the "over 60 attachments" they included with their complaint. *Id.* They do not, however, identify any particular portion of these attachments—which comprise over 500 pages—that supports their assertion that they submitted a complete loss mitigation application. Plaintiffs have failed to state a RESPA claim that is plausible on its face and it must be dismissed. *Bell Atl. Corp.*, 550 U.S. at 568.

### (3) Damages

Third, Defendants contend that Plaintiffs fail to include sufficient facts to substantiate their claim that they suffered emotional damages as a result of Nationstar's alleged RESPA violation.

The court agrees. The extent of Plaintiffs' emotional damages claim is that they

ORDER – 5

"suffered emotional distress, confusion, and other stress related symptoms due to Nationstar's failure to complete the [RESPA] review." Compl. ¶ 204. This is insufficient to place Defendants on notice about the substance of Plaintiffs' emotional damages claim. *See Austerberry v. Wells Fargo Home Mortg.*, No. 15-CV-13297, 2015 WL 8031857, at *7 (E.D. Mich. Dec. 7, 2015) (dismissing RESPA claim for emotional damages where "Plaintiff made a threadbare claim for 'emotional damages' without any detail as to the symptoms or severity of the emotional distress or how Defendant allegedly caused these damages"). Plaintiffs' claim for emotional damages arising from Defendants' alleged RESPA violation is dismissed.

### iii. Leave to Amend

Plaintiffs request the opportunity to amend their RESPA claim. Under Rule 15(a)(2), the Court must "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "[T]he court analyzes five factors in ruling on a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading." *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2017 WL 698790, at *2 (W.D. Wash. Feb. 22, 2017).

Under these factors, Plaintiffs are entitled to amend their RESPA claim. There is no evidence of bad faith, undue delay, or prejudice. Plaintiffs have not previously amended their complaint. Most applicably, Defendants have not shown that amendment would be futile. Plaintiffs may file an amended complaint **within fourteen days** from the date of this Order.

### iv. State Law Claims

For the reasons discussed below, the Court declines to consider Defendants' motion as it relates to Plaintiffs' state law claims.

ORDER – 6

## B. Jurisdiction

The Court may raise the issue of subject matter jurisdiction *sua sponte*. *Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995). The Court's jurisdiction is limited to cases or controversies that arise under federal laws or are between diverse citizens where the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Having dismissed Plaintiffs' RESPA claim, there is no longer a basis for federal question jurisdiction under 28 U.S.C. § 1331, as the remainder of Plaintiffs' claims arise under state law. The Supreme Court has held that federal courts generally should not exercise pendent jurisdiction over state claims where all federal claims are dismissed prior to trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). Thus, unless Plaintiffs save their only federal cause of action by successfully amending their RESPA claim, diversity is the only available basis for federal jurisdiction.

Plaintiffs, however, have not properly pleaded diversity jurisdiction because they fail to allege the citizenship of each LLC they have named as a defendant in this action. For each defendant that is an LLC, Plaintiffs must allege the identity and citizenship of each member. *See Johnson*, 437 F.3d at 899; *Ahead, LLC v. Kasc, Inc.*, No. C13-0187JLR, 2013 WL 12192014, at *1 (W.D. Wash. Feb. 21, 2013) ("For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company.").

For these reasons, the Court finds that Plaintiffs' jurisdictional allegations are insufficient as a matter of law. Within fourteen days from the date of this Order, Plaintiffs are **ORDERED to file an amended complaint** stating a proper jurisdictional basis for this action or it will be dismissed. *See, e.g*, *PFFJ, LLC v. Cypress Benefit Adm'rs*, No. CV-10-8179-PCT-PGR, 2010 WL 3800920, at *1 (D. Ariz. Sept. 22, 2010) ("As to each party that is a limited liability company, the amended complaint must

ORDER – 7

affirmatively identify each member of that party and state the citizenship of each member.").

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' Complaint (Dkt. # 8). The Court declines to consider Defendants' motion as it relates to Plaintiffs' state law claims. **Within fourteen (14) days from the date of this Order**, Plaintiffs may file an amended complaint addressing the deficiencies in their RESPA claim and allegations of diversity jurisdiction. If Plaintiffs do not amend their complaint in a timely fashion or if their amended complaint fails to state a claim over which the Court has jurisdiction, their claims will be dismissed without prejudice.

DATED this 8th day of June, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8