UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. SCHROEDER, *et al.*,

        Plaintiffs,

    v.

NATIONSTAR MORTGAGE, LLC, *et al.*,

        Defendants.

Case No. 16-1561-RAJ

ORDER

This matter comes before the Court on Plaintiffs Michael E. Schroeder and Marguerite E. Schroeder's Response to the Court's Order to Show Cause and Motion to Sever. Dkt. # 12. For the reasons that follow, the Court **DENIES** the motion and **DISMISSES** Defendant Guild Mortgage and Defendants Corporate John Does 1-10.

Plaintiffs did not timely provide proof that proper service of the summons and complaint in this matter had been made on Defendant Guild Mortgage Company, as required by Federal Rule of Civil Procedure 4(m). Plaintiffs also failed to identify and serve the ten "Doe" Defendants as required by the Court's standing order. Accordingly, the Court ordered Plaintiffs to show cause why Defendants Guild Mortgage Company ("Guild Mortgage") and Corporate John Does 1-10 should not be dismissed without prejudice for failure to prosecute. Dkt. # 9. Now, Plaintiffs move to sever their claims

ORDER – 1

against Guild Mortgage and contend that dismissal of the Doe Defendants would be unwarranted because discovery is necessary to obtain their identities.

The Court **DISMISSES** Guild Mortgage.  Plaintiffs contend that they have reached an agreement with Guild Mortgage's in-house counsel to sever their claims against Guild Mortgage.  Plaintiffs, however, provide no evidence of this purported agreement.  Counsel for Plaintiffs represents that he has been "delayed in drafting the stipulated order for review by counsel for Guild Mortgage due to exigent and ongoing circumstances related to another legal matter."  Motion at 3.  Plaintiffs have had ample time since filing this motion to provide evidence of this stipulation, yet have not done so.

The Court **DISMISSES** Defendants Corporate John Does 1-10.  Plaintiffs contend that discovery is necessary to obtain the identities of these Defendants.  But Plaintiffs did not timely request expedited discovery.  Instead, they allowed the deadline for identifying and serving Doe Defendants to pass and then requested that early discovery is warranted.  They cite one case where expedited discovery was warranted, but there, the plaintiff requested discovery within days of filing the complaint.  *Microsoft Corp. v. Does*, No. C15-0663-RSM, 2015 WL 12930822 (W.D. Wash. May 4, 2015)).  Moreover, the court in that case specified that the following showing is necessary to obtain expedited discovery of Doe defendants:

> [C]ourts examine whether the plaintiff (1) identifies the John Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*Id.* at \*2.  Plaintiffs have not made this showing.

ORDER – 2

For these reasons, the Court **DENIES** Plaintiffs' Motion to Sever (Dkt. # 12) and **DISMISSES** Defendants Guild Mortgage and Corporate John Does 1-10.

DATED this 29th day of June, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3